IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

EDWIN DEAN STACY                                                                                    PLAINTIFF

V.                                                                              CIVIL ACTION NO. 1:12CV072-B-S

ALLIANZ LIFE INSURANCE COMPANY
OF NORTH AMERICA f/k/a FIDELITY
UNION LIFE INSURANCE COMPANY                                                             DEFENDANT

**MEMORANDUM OPINION**

This cause comes before the court upon the defendant's motion to dismiss or, in the alternative, to transfer venue. Upon due consideration of the motion, response, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

The plaintiff, Edwin Dean Stacy, purchased a life insurance policy with a benefit of $250,000.00 from the defendant, Allianz Life Insurance Company of North America ("Allianz"), on May 8, 1986. The plaintiff alleges that the interest payments accumulating on the cash value, after a few years, were supposed to finance the premiums and thereby keep the policy paid and in effect. After paying into the policy for years, the plaintiff learned that his policy was insufficiently funded because the defendant had manipulated the cost of insurance and payment of interest on the cash value to the plaintiff's detriment. The defendant ultimately informed the plaintiff that the policy would expire near the end of 2012 if no additional funds were paid into the policy.

The plaintiff filed the present action in the Circuit Court of Lee County, Mississippi, on February 22, 2012. The defendant subsequently removed the case to this court. After filing his suit, the plaintiff was informed of a class action suit in the United States District Court for the

District of Minnesota allegedly resolving the issues set forth in the plaintiff's complaint, *Snell, et al. v. Allianz Life Ins. Co. of North America, et al.*, Case No. 97-2784-RLE. The plaintiff alleges that he did not get actual notice of the class action suit, but he expressly states that he does not allege failure of notice as a ground for opposing the defendant's motion.

*Snell* was settled in September 2000. The District Court for the District of Minnesota approved the class settlement on September 8, 2000. The plaintiff acknowledges that he was a member of the *Snell* settling class and did not opt out of the settlement or elect to file a claim pursuant to the claims administration process. In exchange for a multi-million dollar settlement package, the settling class in *Snell* agreed to release all claims and be forever barred from pursuing any future actions against the defendant related to the applicable policies in which sales presentations, illustrations, future premium obligations, or actions taken by agents of the defendant were at issue, including claims based on the "vanishing premium" feature and "the number and/or amount of out-of-pocket payments that were paid or would need to be paid to sustain any life insurance policy."

The plaintiff asserts that the present action survives because he alleges wrongdoing of the defendant committed after the *Snell* settlement. The defendant argues to the contrary, and has moved to dismiss based on the *Snell* settlement and release agreement.

<h2 style="text-align:center"><u>Analysis</u></h2>

The plaintiff acknowledges that he was a member of the *Snell* settling class and that he did not opt out of the settlement or elect to file a claim pursuant to the administration process. He does assert that he did not receive notice of the class action settlement but expressly disclaims any basis for relief on that ground. The plaintiff instead argues that the *Snell*

settlement and release are inapplicable here because he alleges additional independent torts committed by the defendant after the *Snell* settlement in September 2000. The plaintiff directs the court to paragraphs 12 and 13 of his complaint as the source of these allegations. That portion of the complaint states as follows:

> 12. After initially inducing Plaintiff to purchase the policies in question, Defendant Allianz engaged in a deliberate course of conduct resulting in changes to the interest rate, cost of insurance, and expense of the policies in question, which changes were not based upon market conditions nor legitimate actuarial consideration but, instead, for improper reasons designed to increase the profit of the company and to increase the value of its surplus to the detriment of Plaintiff and other similarly situated policyholders. Allianz's actions requiring Plaintiff to pay excessive insurance costs while receiving depressed interest rates were designed to ensure that the Defendant would not be required to pay any benefits to Plaintiff or on his behalf.
>
> 13. After inducing Plaintiff to purchase the subject policies through "vanishing premium" and/or "limited pay" illustrations and other misconduct, Allianz engaged in a deliberate course of conduct which concealed from Plaintiff the nature and extent of the deceptive sales tactics used to sell the policies. The actions of the Defendant were designed to, and did, in fact, conceal from the Plaintiff the deceptive sales practices upon which the sale of the subject policy to Plaintiff had been made, and were designed to, and did, in fact, conceal from Plaintiff the intentional misrepresentations upon which Plaintiff relied in purchasing the subject policy, and were made in an attempt to increase profit for Defendant at the expense of its policyholders, including the Plaintiff. Through the acts of the Defendant, Plaintiff did not discover, and could not through the exercise of reasonable diligence have discovered, that he had been misled by Allianz and its agents' deceptive sales tactics and practices; intricate scheme of fraud and concealment employed by Defendant to fraudulently induce the sales; and, to fraudulently induce the Plaintiff to retain the subject policies. In addition to any claims for relief based on such fraudulent activities, these actions by the Defendant tolled any applicable statutes of limitations because of the Defendant's affirmative acts of fraudulent concealment after the sales, as provided under Mississippi law.

As the defendant notes, the claims alleged in the complaint, including the above claims, are expressly covered by the "Released Transactions" set forth in the *Snell* settlement agreement. These released transactions include "without limitation, any acts, omissions, facts, matters,

transactions, occurrences, or oral or written statements or representations relating to" a lengthy list of matters which cover all of the claims alleged in the plaintiff's complaint. Among these are the following:

> Disappearing Premium or the Disappearing Premium Concept Feature;
>
> the number and/or amount of out-of-pocket payments that were paid or would need to be paid to sustain any life insurance policy, the Policy or the Policies;
>
> the ability to keep or not to keep the Policy or the Policies in-force based on a fixed number and/or amount of premium payments . . .
>
> the interest or other Policy credits credited or to be credited to premiums paid on the Policy or the Policies, or to amounts within the Policy or Policies, and the expenses (including all charges and other deductions) charged or to be charged against the Policy or Policies
>
> * * *
>
> the Defendants' interest crediting practices, policy loan, cost of insurance and administrative charge practices; their policy or premium charges and monthly deductions; their illustrations of interest crediting rates, policy charges, premium charges, monthly deductions, cost of insurance and administrative charges, cash values or death benefits; or any other matters relating to interest crediting rates, policy charges, premium charges, monthly deductions, cost of insurance and administrative charges or policy loans . . . .

The allegations contained in the complaint, including paragraphs 12 and 13, clearly derive from the alleged promises and representations made by the defendant and its agents to the plaintiff at or immediately following the point of sale of the subject policy in 1986. The court finds no allegations in the complaint regarding conduct occurring since approval of the *Snell* settlement.

As a member of the *Snell* settling class, the plaintiff has expressly released the defendant from "any and all causes of action, claims, [or] damages . . . that have been, could have been, may be or could be alleged or asserted now or in the future by Plaintiffs or any Class Members

against the Releasees . . . on the basis of, connected with, arising out of, or related to, in whole or in part, the Released Transactions." The court finds that the claims set forth in the plaintiff's complaint fall squarely within this release and settlement agreement and the Final Judgment approving same entered by the District Court of Minnesota.

<u>Conclusion</u>

For the foregoing reasons, the court finds that the defendant's motion to dismiss is well taken and should be granted. A separate order in accord with this opinion shall issue this day.

This, the 21st day of March, 2013.

    /s/ Neal Biggers  
**NEAL B. BIGGERS, JR.**  
**UNITED STATES DISTRICT JUDGE**